UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SCOTT FRECHETTE, of Ocala, Marion County, Florida, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| NORMAN GAUDETTE of Biddeford, York County, Maine, | ) ) ) |
| In his Individual Capacity | ) ) ) |
| ROGER BEAUPRE, of Biddeford, York County, Maine, | ) ) ) |
| In his Official Capacity as Chief of Police for the Biddeford Police Department and in his Individual Capacity, | ) ) ) ) ) ) |
| and | ) ) |
| CITY OF BIDDEFORD a municipality in the state of Maine, | ) ) ) |
| Defendants | ) |

**COMPLAINT**
**(WITH DEMAND FOR JURY TRIAL)**

NOW COMES Plaintiff and hereby complains against Defendants as follows:

**PRELIMINARY STATEMENT**

1. Scott Frechette ("Frechette") was sexually assaulted by Biddeford Police Department Officer Norman Gaudette in or around 1989-1990 when Frechette was a minor. Norman Gaudette used his power and authority as a law enforcement officer to secure Frechette's trust to sexually abuse him and to ensure Frechette's silence about his abuse. Chief Roger Beaupre was Chief of the Biddeford Police Department before, during, and after the times

Frechette was sexually abused. Chief Roger Beaupre was given information prior to Frechette's abuse such that he was aware of and/or should have been aware that Norman Gaudette and at least one other Biddeford Police Officer had been and were sexually abusing young boys. As Chief, Roger Beaupre turned a blind eye and failed to prevent this abuse. Chief Roger Beaupre's failure to act meant that Norman Gaudette was able to sexually assault Frechette. Frechette brings this action against Norman Gaudette, Chief Roger Beaupre, and the City of Biddeford pursuant to 42 U.S.C. § 1983.

## PARTIES

2. Plaintiff Scott Frechette ("Frechette") is an individual residing in Ocala, Florida.

3. At all times relevant to this Complaint, Frechette resided in Biddeford, Maine.

4. Defendant Norman Gaudette ("Officer Gaudette") is an individual residing in Biddeford, Maine.

5. At all times relevant to this Complaint, Officer Gaudette was a police officer with the Biddeford Police Department ("BPD") and was acting under color of state law as a BPD police officer employed by BPD and the City of Biddeford.

6. Defendant Roger Beaupre ("Chief Beaupre") is the Chief of Police for the BPD and was the Chief of Police for the BPD at all times relevant to this Complaint and was acting under color of state law as the Chief of BPD.

7. Defendant Chief Beaupre is and was the final policy maker for BPD.

8. Defendant City of Biddeford is a municipality in the state of Maine.

9. Defendants Roger Beaupre, in his Official Capacity as Chief of BPD, and City of Biddeford are collectively referred to as "Municipal Defendants."

## STATEMENT OF FACTS

10. Officer Gaudette approached Frechette around the time that Frechette was 17 years old.

11. Officer Gaudette approached Frechette when Frechette was having troubles at home and needed a place to stay.

12. Officer Gaudette offered to purchase a hotel room for Frechette.

13. Officer Gaudette informed Frechette that the hotel room was purchased with money through the police department.

14. Frechette, then a 15 year old boy, trusted Officer Gaudette given his position of authority and trust as BPD officer and believed he was assisting him in this role.

15. Officer Gaudette rented Frechette a room at the Sleepy Hollow Motel in Biddeford, Maine.

16. Officer Gaudette brought Frechette to the Sleepy Hollow Motel and accompanied him inside.

17. Officer Gaudette left and returned.

18. Officer Gaudette then sat on the bed next to Frechette.

19. Officer Gaudette then proceeded to force sex acts on Frechette, including forced manual and oral sex on Frechette, as well as attempted forced anal sex.

20. Gaudette also forced and/or attempted to force Frechette to performed manual and oral sex acts on Gaudette.

21. Officer Gaudette used his power and authority as a BPD officer to earn Frechette's trust, sexually assault him, and keep him from disclosing this sexual assault.

22. Prior to the time that Officer Gaudette sexually assaulted Frechette, information had been conveyed to Chief Beaupre that Officer Gaudette and at least one other BPD officer

had committed sexual assaults against minors in Biddeford.  Additionally, among other actions, Officer Gaudette had been engaged in other sexual assaults against minors in Biddeford and Chief Beaupre knew and/or should have known that Officer Gaudette was a sexually fixated pedophile, was dangerous to young men and should not be in a position as an officer of the BPD.

23.     Chief Beaupre knew and/or should have known that BPD officers were sexually assaulting minors based on the information that he was given, including but not limited to Officer Gaudette's sexual abuse of minors.

24.     Despite receiving this information, Chief Beaupre took no steps to protect Frechette or other minors in Biddeford from the sexual assaults.  Additionally Chief Beaupre engaged in a pattern of altering BPD internal affairs policies and establishing BPD policies that provided him with the opportunity to control and manipulate BPD policies to allow Officer Gaudette to remain in his position during and after sexual abuse allegations were made against Officer Gaudette and prior to the time that he sexually assaulted Frechette. Chief Beaupre also failed to provide mandatory notification to the then-State of Maine Department of Human Services ("DHS"), despite his obligation to do so, of the sexual abuse by Officer Gaudette. Had Chief Beaupre done so, then DHS would have investigated Officer Gaudette and that independent investigation would have shown, prior to Frechette's abuse by Officer Gaudette, that Officer Gaudette had abused minor boys through his position as an officer of the BPD.  Such an investigation would have resulted in the separation of Officer Gaudette from the BPD prior to the time that Officer Gaudette, using his position as an officer of the BPD, molested Frechette.

25.     Frechette first discovered the involvement of Chief Beaupre and the City sometime in 2014-2015 during the preliminary investigations into the claims made in this Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**
**42 U.S.C. § 1983**
**(Chief Beaupre in his Individual Capacity)**

26. Frechette repeats and realleges Paragraphs 1 through 25 as if set forth fully herein.

27. At all times relevant to this Complaint, Frechette had a Constitutional right of liberty to bodily integrity, including but not limited to a freedom from sexual abuse by BPD police officers.

28. Officer Gaudette was a subordinate to Chief Beaupre at all times relevant to this Complaint.

29. Officer Gaudette violated Frechette's Constitutional rights, as set forth more fully above.

30. Chief Beaupre's failure to investigate complaints against Gaudette and/or supervise Gaudette's misconduct constituted supervisory encouragement, condonation or acquiescence amounting to deliberate indifference.

31. Chief Beaupre's actions and/or inactions described in the foregoing paragraphs were affirmatively linked to Gaudette's violation of Frechette's constitutional rights.

32. Frechette did not know and had no reason to know that the deliberately indifferent actions and/or omissions of Chief Beaupre were the cause of his injuries and the violations of his Constitutional rights.

33. As a result of Chief Beaupre's actions and inactions Frechette suffered damages, including but not limited to severe psychological damages, post-traumatic stress disorder, pain, suffering, humiliation, embarrassment, lost wages and permanent impairment.

## COUNT II
## 42 U.S.C. § 1983
## (Municipal Defendants)

34. Frechette repeats and realleges Paragraphs 1 through 33 as if set forth fully herein.

35. At all times relevant to this Complaint, Frechette had a Constitutional right of liberty to bodily integrity, including but not limited to a freedom from sexual abuse by BPD police officers.

36. With deliberate indifference to the rights of minor citizens to be free from invasions of bodily integrity and sexual assault by police, the Municipal Defendants encouraged, tolerated, ratified, and acquiesced to a dangerous environment of sexual assaults against underage males by BPD officers by:

a. failing to conduct sufficient training or supervision;

b. failing to adequately punish acts of sexual abuse; and,

d. failing to properly or neutrally investigate citizen complaints of sexual abuse of minors;

37. Officer Gaudette and at least one other BPD officer engaged in a continuing, widespread, and persistent pattern of conduct in violation of citizens' constitutional rights to bodily integrity and freedom from sexual assault.

38. At all times relevant to this Complaint, it was the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Municipal Defendants to permit BPD officers to sexually assault minors, to fail to supervise BPD officers who were sexually assaulting minors, and to fail to investigate reports of sexual assaults by BPD officers knowing that these members of law enforcement posed a significant risk to the public.

39. These deliberately indifferent customs and/or tacit authorizations of the Municipal Defendants were causes of the injury to Frechette's constitutional rights to liberty of bodily integrity and freedom from sexual assault by BPD officers.

40. Frechette did not know and had no reason to know that the deliberately indifferent actions and/or omissions of the Municipal Defendants were the cause of his injuries and the violations of his Constitutional rights.

41. Frechette was injured by the Municipal Defendants' deliberate indifference to the violations of his constitutional rights.

42. As a result of the Municipal Defendants' actions and inactions Frechette suffered damages, including but not limited to severe psychological damages, post-traumatic stress disorder, pain, suffering, humiliation, embarrassment, lost wages and permanent impairment.

## COUNT III
### Sexual Assault
### (Officer Gaudette in his Individual Capacity)

43. Frechette repeats and realleges Paragraphs 1 through 42 as if set forth fully herein.

44. Gaudette intentionally caused harmful and/or offensive sexual contact with Frechette, including but not limited forced sexual acts.

45. Frechette was a minor at the time of these harmful and/or offensive sexual contacts.

46. As a result of Gaudette's actions, Frechette suffered damages, including but not limited to severe psychological damages, post-traumatic stress disorder, pain, suffering, humiliation, embarrassment, lost wages and permanent impairment.

WHEREFORE, Plaintiff requests this Court order the following:

1. Compensatory damages against each Defendant jointly and severally on all counts.

2. Punitive damages against Defendants Norman Gaudette and Roger Beaupre jointly and severally.

3. Punitive damages against the Municipal Defendants on Count IV.

4. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1983.

5. Any other relief this Court deems just and proper.

## **JURY DEMAND**

Frechette demands a trial by jury on all counts of his Complaint.

| | |
|---|---|
| Date:   May 8, 2017 | /s/Walter F. McKee<br>WALTER F. MCKEE, ESQ.<br>Bar No. 7848<br>McKee Law, LLC, P.A.<br>133 State Street<br>Augusta, ME.   04330<br>(207) 620-8294 |
| Date:   May 8, 2017 | /s/Matthew D. Morgan<br>MATTHEW D. MORGAN, ESQ.<br>Bar No. 5044 |