UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT FRECHETTE,<br><br>    Plaintiff<br><br>    v.<br><br>NORMAN GAUDETTE, in his individual capacity, ROGER BEAUPRE, in his official capacity as Chief of Police for the Biddeford Police Department and in his individual capacity; and the CITY OF BIDDEFORD,<br><br>    Defendants | Civ. No. 2:17-cv-00172-DBH |

### DEFENDANT NORMAN GAUDETTE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Norman Gaudette, answers Plaintiff Complaint as follows, denying every allegation not expressly admitted below.

### PRELIMINARY STATEMENT

1. Gaudette denies the allegations of paragraph 1 insofar as they relate to him. Gaudette does not have sufficient information to form a belief about the truth or falsity of the remaining allegations of paragraph 1, and therefore denies the same.

### PARTIES

2. Gaudette does not have sufficient information to form a belief of the truth or falsity of the allegations set forth in paragraph 2, and therefore denies the same.

3. Gaudette does not have sufficient information to form a belief of the truth or falsity of the allegations set forth in paragraph 3, and therefore denies the same.

4. Gaudette admits the allegations set forth in paragraph 4.

5. Gaudette admits that, during the time period in question, he was a police officer

employed with the Biddeford Police Department, but otherwise denies the allegations set forth in paragraph 5.

6. Gaudette admits that Defendant Roger Beaupre is the Chief of Police for the Biddeford Police Department. Gaudette is otherwise without sufficient information to form a belief of the truth or falsity of those allegations in paragraph 6, and therefore denies the same.

7. Gaudette does not have sufficient information to form a belief of the truth or falsity of those allegations in paragraph 7, and therefore denies the same.

8. Gaudette admits the allegations set forth in paragraph 8.

9. Paragraph 9 does not contain a factual allegation for which any response is required. To the extent a response is required, Gaudette denies the allegations set forth in paragraph 9.

## STATEMENT OF FACTS

10. Gaudette is without sufficient information to form a belief as to the allegations set forth in paragraph 10, and therefore denies the same.

11. Gaudette admits that, when he first met Frechette at the Biddeford Police Department, Frechette stated he was not living at home and did not have a place to stay. Gaudette is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and therefore denies the same.

12. Gaudette denies the allegations set forth in paragraph 12.

13. Gaudette denies the allegations set forth in paragraph 13.

14. Gaudette is without sufficient information to form a belief as to the allegations set forth in paragraph 14, and therefore denies the same.

15. Gaudette denies the allegations set forth in paragraph 15.

16. Gaudette admits the allegations set forth in paragraph 16.

17. Gaudette denies the allegations set forth in paragraph 17.

18. Gaudette denies the allegations set forth in paragraph 18.

19. Gaudette denies the allegations set forth in paragraph 19.

20. Gaudette denies the allegations set forth in paragraph 20.

21. Gaudette denies the allegations set forth in paragraph 21.

22. To the extent paragraph 22 can be read to set forth allegations against Gaudette, the allegations are denied. Gaudette is otherwise without sufficient information to form a belief as to the allegations set forth in paragraph 22, and therefore denies the same.

23. To the extent paragraph 23 can be read to set forth allegations against Gaudette, the allegations are denied. Gaudette is otherwise without sufficient information to form a belief as to the allegations set forth in paragraph 23, and therefore denies the same.

24. To the extent paragraph 24 can be read to set forth allegations against Gaudette, the allegations are denied. Gaudette is otherwise without sufficient information to form a belief as to the allegations set forth in paragraph 24, and therefore denies the same.

25. Gaudette is without sufficient information to form a belief as to the allegations set forth in paragraph 25, and therefore denies the same.

### COUNT I
### 42 U.S.C. § 1983
### (Chief Beaupre in his Individual Capacity)

26-33. Count I is asserted against Chief Beaupre. To the extent paragraphs 26-33 can be read to set forth allegations against Gaudette, they are denied.

### COUNT II
### 42 U.S.C. § 1983
### (Municipal Defendants)

34-42. Count II is asserted against the municipal defendants. To the extent paragraphs 34-42 can be read to set forth allegations against Gaudette, they are denied.

### COUNT III
### SEXUAL ASSAULT
### (Officer Gaudette in his Individual Capacity)

43. Gaudette restates and incorporates by reference his answers to each and every allegation contained in paragraphs 1 through 42 as set forth above.

44. Gaudette denies the allegations set forth in paragraph 44.

45. Gaudette denies the allegations set forth in paragraph 45.

46. Gaudette denies the allegations set forth in paragraph 46.

WHREFORE, Gaudette requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in Gaudette's favor, and that Gaudette be granted his attorney fees, costs, expenses, and such further and other relief as the Court deems just and equitable.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, Gaudette requests that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in Gaudette's favor, and that Gaudette be granted his attorney fees, costs, expenses, and such further and other relief as the Court deems just and equitable.

Dated: May 24, 2017 /s/ Gene R. Libby, Esq.
Gene R. Libby, Esq. (Bar No. 427)

/s/ Tyler J. Smith, Esq.
Tyler J. Smith, Esq. (Bar No. 4526)
Attorneys for Defendant, Norman Gaudette
Libby O'Brien Kingsley & Champion, LLC

>62 Portland Road, Suite 17
>Kennebunk, ME  04043
>glibby@lokllc.com
>tsmith@lokllc.com
>(207) 985-1815

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2017, I electronically filed this document with the Clerk of the Court using the CM/ECF system which caused a copy of this document be served electronically to all parties and counsel of record.

Dated: May 24, 2017

>/s/ Gene R. Libby, Esq.
>Gene R. Libby, Esq. (Bar No. 427)
>Tyler J. Smith, Esq. (Bar No. 4526)
>Attorneys for Defendant, Norman Gaudette
>Libby O'Brien Kingsley & Champion, LLC
>62 Portland Road, Suite 17
>Kennebunk, ME  04043
>glibby@lokllc.com
>tsmith@lokllc.com
>(207) 985-1815