UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SCOTT FRECHETTE, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| NORMAN GAUDETTE, *in his individual capacity*; ROGER BEAUPRE, *in his official capacity as Chief of Police for the Biddeford Police Department and in his individual capacity*; and CITY OF BIDDEFORD, | ) ) ) Civil No. 2:17-cv-172-DBH ) ) ) ) ) |
| | ) |
|       Defendants | ) |

**ORDER ON DEFENDANT GAUDETTE'S MOTION FOR SANCTIONS**

In this lawsuit the plaintiff claims that years ago the defendant, then a police officer, sexually abused him; the defendant denies it. The defendant has moved for sanctions in the nature of civil contempt because in October of 2017 the plaintiff violated this Court's Confidentiality Order with respect to certain 1990 interview transcripts. The plaintiff has conceded that he showed the transcripts to his wife knowing that doing so was a violation of the Court's Confidentiality Order. Decl. of Scott Frechette ¶ 4, Ex. A to Pl.'s Objection to Motion for Sanctions (ECF No. 36-1).

The First Circuit has established four criteria for civil contempt sanctions against a party: a clear and unambiguous order; notice that the person was covered by the order; ability to comply with the order; and violation of the order. United States v. Saccoccia, 433 F.3d 19, 27 (1st Cir. 2005). The plaintiff does not dispute that the four criteria are satisfied here. He recognizes that he should

not have shown the transcripts to his wife, but argues that the sexual abuse he suffered made it difficult for him to discuss openly what happened to him and that he gave her the transcripts to read instead. Pl.'s Objection at 2-3 (ECF No. 36). She has now signed the "Acknowledgment and Agreement to be Bound" document that applies to those persons with access to documents covered by the Confidentiality Order. Ex. C to Pl.'s Objection (ECF No. 36-3).[1]

Judge Woodcock of this District has announced carefully and clearly the applicable standards in a case like this. The court "must remain agnostic at least until a verdict," Hearts with Haiti, Inc. v. Kendrick, No. 13-cv-39, 2015 WL 732659, at *11 (D. Me. Feb. 20, 2015), and is "in no position to prejudge who will prevail." Id. At this stage, therefore, I cannot excuse the plaintiff's violation of the Court's Confidentiality Order on the grounds he advances. Even though the plaintiff's wife assertedly did not discuss the interviews with anyone else, Decl. of Angela Frechette ¶ 5, Ex. B to Pl.'s Objection (ECF No. 36-2), the plaintiff remains "responsible for deliberately violating the Court's orders by dissemination, but not for publication . . . ." Hearts with Haiti, 2015 WL 732659, at *14.

As a remedy, the defendant requests an order that all the documents produced to the plaintiff himself that were subject to the confidentiality order be destroyed, that the plaintiff not disseminate any information from them, and that

---

[1] The plaintiff also argues that in a related case Magistrate Judge Rich found a technical violation by the defendant's lawyers in disclosing a transcript to a detective without requiring the detective to sign a confidentiality certification, yet declined to impose sanctions. Pl.'s Objection at 5; see Ouellette v. Gaudette, No. 16-cv-53 (D. Me. May 15, 2017) (ECF No. 72 at 3-4). However, in that case the defendant appealed the Magistrate Judge's determination that there had been even a technical violation (ECF No. 74) and I declined to resolve the issue because it had become moot (ECF No. 77). I therefore do not rely on that decision.

such documents in the future be limited to review by the plaintiff's lawyers only. Def.'s Reply at 4 (ECF No. 37). The plaintiff has not addressed the particular requests, arguing only that in light of the limited disclosure and the excuse he advances, "[t]his Court should take no further action" on the motion. Pl.'s Objection at 5. In an earlier ruling in the <u>Hearts with Haiti</u> case, Magistrate Judge Rich found relief such as that requested here to be "well within the scope of reasonable sanctions for the egregious misconduct of [a party who intentionally violated a Court's Confidentiality Order]." <u>Hearts with Haiti, Inc. v. Kendrick, No. 13-cv-39,</u> 2014 WL 1119752, at *2 (D. Me. Mar. 20, 2014). The defendant also requests that the plaintiff pay attorney fees for the defendant's sanctions motion.[2] Judge Woodcock granted such relief in the February 2015 <u>Hearts with Haiti</u> Order as "not uncommon for successful contempt motions" where it is difficult to measure the actual harm caused by noncompliance. 2015 WL 732659, at *16.

That is the case here. The disclosure appears to have been limited to the plaintiff's wife and she has agreed not to disclose the "documents or information derived directly therefrom to any other person." Acknowledgment and Agreement to be Bound, Ex. C to Pl.'s Objection. The actual damage caused by the disclosure therefore appears minor. But the court must uphold the integrity of its orders lest the plaintiff or others conclude that they can make their own decisions about whether to comply.[3]

---

[2] The defendant has withdrawn a request for a civil penalty of $5,000. Def.'s Reply at 4.
[3] The defendant asserts that the plaintiff (who was not a party at the time) previously ignored a deposition subpoena issued under the authority of the Court in a related lawsuit. Def.'s Motion at 5 n.1 (ECF No. 35). The plaintiff did not respond to that assertion in his Objection. Nor did

3

I therefore **GRANT** the defendant's motion for sanctions, and **ORDER**:

1. All documents designated confidential under the existing order that have been produced to the plaintiff shall now be limited to review by his attorneys only;[4]

2. The plaintiff shall destroy any copies of any documents produced to him that were designated as confidential under the confidentiality order, and shall not disseminate any information derived directly from those documents;

3. The plaintiff shall pay the defendant's reasonable attorney fees associated with the sanctions motion practice. Like Judge Woodcock, however, I direct that the defendant's lawyers "be conservative in [their] billing," <u>Hearts with Haiti</u>, 2015 WL 732659, at *16, and I also recognize that the plaintiff's ready admission to his violation and the steps he took to stop further disclosure limited the need for extensive briefing.

4. To implement #3, the defendant's lawyers shall submit their application for approval of fees within 14 days of this Order. The plaintiff may file an objection to the amount within 7 days thereafter.

**SO ORDERED.**
**DATED THIS 16TH DAY OF MARCH, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

he respond to a similar assertion in earlier motion practice. Def.'s Opp'n at 4 (ECF No. 22); Pl.'s Reply (ECF No. 26). That is an additional reason to enforce the integrity of the Court's Order through sanctions against the plaintiff.

[4] The plaintiff has not argued that this sanction will improperly impede his preparation for trial.