UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LAWRENCE ROLAND OUELLETTE, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:16-cv-00053-LEW |
| NORMAN GAUDETTE, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| | ) | |
| ANGELA FRECHETTE, personal representative of the Estate of Scott Frechette, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 2:17-cv-00172-LEW |
| NORMAN GAUDETTE, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## ORDER ON MOTION TO CONSOLIDATE

Plaintiffs in these cases have moved to consolidate *Ouellette v. Gaudette, et al.*, No. 2:16-cv-00053-LEW (Feb. 2, 2016), with *Frechette v. Gaudette, et al.*, No. 2:17-cv-00172-LEW (May 10, 2017). The Motions arise in two distinct, but factually related cases, involving Defendant Norman Gaudette's alleged sexual abuse of Lawrence Ouellette and Scott Frechette during his time as a Biddeford police officer in the 1980s. Both Plaintiffs also seek to recover from Defendants Roger Beaupre, former Chief of Police for the

Biddeford Police Department, as well as the City of Biddeford (together with Beaupre, the "City Defendants"), for failing to prevent the abuse.

When a party moves to consolidate cases under Federal Rule of Civil Procedure 42, "[t]he threshold issue is whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). If these threshold inquiries are answered in the affirmative, the "trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.*

The cases at bar share common defendants and involve some common legal and factual issues. The cases present similar legal issues relating to the laws governing sexual abuse, whether Gaudette acted under color of state law, the scope of the City Defendants' liability, and the statute of limitations for deliberate indifference claims arising under 42 U.S.C. § 1983. Both cases also involve the common factual question of when the City Defendants became aware of other sexual abuse allegations against Gaudette. These commonalities make consolidation a legitimate consideration.

Still, prudence counsels against consolidation. At core, these cases involve distinct factual allegations. Whether a jury ultimately credits Ouellette's allegations of abuse (a necessary precondition for him to recover from Gaudette as well as the City Defendants) does not bear on whether the jury credits Frechette's allegations of abuse (a necessary precondition for Angela Frechette's recovery). The cases also involve independent factual findings with respect to when the City Defendants knew of the allegations against Gaudette, because Gaudette's alleged abuse of Frechette postdated his alleged abuse of

Ouellette. Thus while consolidation would achieve some gains in efficiency, particularly in terms of counsel's and the Court's time, it also presents a significant risk of unfair prejudice to the parties and a confusing proceeding rife with limiting instructions. Because I find that the risks associated with consolidation far outweigh the benefits, Plaintiffs' Motions to Consolidate are DENIED.

**SO ORDERED.**

Dated this 19th day of May, 2022.

                                            /s/ Lance E. Walker
                                      UNITED STATES DISTRICT JUDGE